IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., <br><br> Plaintiffs, <br><br> v. <br><br> PJ FAZIO PLUMBING & HEATING, INC. and FAVA PLUMBING CORP. <br><br> Defendants. | Case No.: <br><br> Judge: |

# COMPLAINT

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorneys, Gregory W. Hosé and Madeline E. Remish, and the law firm of Gregorio ♦ Marco, complain of the Defendants, PJ FAZIO PLUMBING & HEATING, INC. and FAVA PLUMBING CORP., and allege as follows:

### COUNT I – PJ FAZIO PLUMBING & HEATING, INC. – ERISA

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The PLUMBERS' PENSION FUND, LOCAL 130, U.A, et. al. (collectively referred to as the "Local 130 Trust Funds") receive contributions from numerous employers

pursuant to Collective Bargaining Agreements between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local Union 130").

3. The Local 130 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered in Chicago, Illinois and venue is proper in the Northern District of Illinois.

5. Defendant PJ Fazio Plumbing & Heating, Inc. ("PJ Fazio") is an employer engaged in an industry affecting commerce, which entered into a Collective Bargaining Agreement whose terms require Defendant PJ Fazio to pay fringe benefits to the Trust Funds.

6. The Agreement and the Collective Bargaining Agreements also bind Defendant PJ Fazio to the provisions of the Agreement and Declarations of Trust which created the Plumbers' Local 130, U.A. Trust Funds ("Trust Agreements"). A true and correct copy of the Memorandum of Agreement binding PJ Fazio to the terms of the CBA and Trust Agreements is attached as **Exhibit 1**.

7. Defendant PJ Fazio is required to make contributions to the Local 130 Trust Funds for each hour worked by its Plumber employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, Defendant PJ Fazio is required to make contributions to the Local 130 Union measured by the hours worked by Plumber employees and/or Local 130 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements for the Local 130 Trust Funds. Defendant PJ Fazio is also liable for subcontracting plumbing work covered by the CBA to a company, which does not pay the contributions.

8. The CBA requires Defendant PJ Fazio to submit its books and records to an auditor selected by the Fringe Benefit Funds to determine whether PJ Fazio is complying with its contract

obligations concerning fringe benefits being paid, wages being paid, and dues deductions being paid.

9. The CBA and Trust Agreements provides that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees, and attorneys' fees.

10. Defendant PJ Fazio breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to remit all fringe benefit contributions due for the months of March 2022 to the present.

11. Defendant PJ Fazio breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to remit all fringe benefit contributions due for the time period of October 1, 2018 through June 30, 2021 as a result of a fringe benefit compliance audit.

12. As a result of said breaches, PJ Fazio is also liable to the Plaintiffs for the following ancillary damages in addition to the fringe benefit contributions:

    a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

    b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

    c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That judgment be entered against Defendant PJ Fazio and in favor of Plaintiffs, in the amount of the contributions due plus interest, for the months of March 2022 to the present

B. That judgment be entered against Defendant PJ Fazio and in favor of Plaintiffs, for the amounts shown to be due for the time period of October 1, 2018 through June 30, 2021 as shown in the audit.

C. That the Defendant be ordered to pay the attorneys' fees and costs incurred by the Plaintiffs.

D. That the Defendant be ordered to pay liquidated damages and interest or double interest.

E.      That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

### ***COUNT II– P.J. Fazio Plumbing & Heating, Inc. – Breach of Contract***

12.     The Plaintiffs re-allege its' allegations in paragraphs 1-12 of Count I of the complaint.

13.     This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count II are so related to the Claims in Count I that they form part of the same case and controversy.

14.     The Defendant, P.J. Fazio Plumbing & Heating, Inc., is an Illinois Corporation with its principal place of business in Roselle, Illinois, who entered into a Settlement Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

15.     Pursuant to the terms of the Agreement, defendant PJ Fazio was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

16.     The defendant PJ Fazio agreed to be liable for all amounts owed under the Agreement should PJ Fazio default on the Agreement.

17.     The defendant, PJ Fazio breached the provisions of the Agreement by failing to pay amounts due under the Agreement. PJ Fazio was given notice of the default and failed to cure the default within the timeframe required.

18.     As a result of the default, the Defendant, PJ Fazio is liable to the Plaintiffs for the balance of the amount owed under the Agreement, plus interest, attorney's fees and costs.

4

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay the balance of the Agreement.

B. That the Defendant be ordered to pay all attorney fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay interest owed under the balance of the Agreement.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

### *COUNT III– Fava Plumbing Corp. – Breach of Contract*

19. The Plaintiffs re-allege its' allegations in paragraphs 1-18 of Counts I and II of the complaint.

20. This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count III are so related to the Claims in Count I that they form part of the same case and controversy.

21. The Defendant, Fava Plumbing, Corp., hereafter ("Fava"), is an Illinois Corporation with its principal place of business in Roselle, Illinois, who entered into a Settlement

Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

22. Pursuant to the terms of the Agreement, defendant Fava was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

23. The defendant Fava Plumbing agreed to be liable for all amounts owed under the Agreement should PJ Fazio default on the Agreement.

24. The defendant, Fava breached the provisions of the Agreement by failing to pay amounts due under the Agreement. Fava was given notice of the default and failed to cure the default within the timeframe required.

25. As a result of the default, the Defendant, Fava is liable to the Plaintiffs for the balance of the amount owed under the Agreement, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay the balance of the Agreement.

B. That the Defendant be ordered to pay all attorney fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay interest owed under the balance of the Agreement.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

By: /s/ Madeline E. Remish
Madeline E. Remish

Madeline E. Remish
ARDC# 6336631
Michael J. McGuire
ARDC#: 6290180
Gregorio ♦ Marco
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343
mremish@gregoriolaw.com